# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP, JR.,

   *Plaintiff*,

vs.

WARDEN NEVEN, *et al.*

   *Defendants*.

2:09-cv-02394-RLH-PAL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff George Dunlap brings a number of claims for monetary damages against twelve officers or employees at High Desert State Prison in their official and individual capacities.

Plaintiff may not recover monetary damages from the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*,

491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989). All claims against the defendants in their official capacity therefore will be dismissed.

Turning to the specific claims, in Count I, plaintiff alleges that defendants Hoffman, Sanders, Hanson, Mumford, Henson, Atkins, and Paulay were deliberately indifferent to serious medical and dental needs in violation of the Eighth Amendment and/or delayed care in retaliation for his filing of prison grievances. The specific factual allegations presented adequately state a claim except for the claims against defendant Dr. Sanders. Plaintiff lists Dr. Sanders as a defendant and refers to him in a subject heading in Count I, but he does not assert any specific allegations as to Dr. Sanders. The claims against this defendant therefore will be dismissed with leave to amend.

In Count II, plaintiff alleges that multiple defendants disregarded a serious risk to inmate safety that resulted in him being attacked by another inmate, in violation of the Eighth Amendment and further in retaliation for his filing of prison grievances. The specific factual allegations presented adequately state a claim for relief.

In Count III, plaintiff seeks to recover for the infliction of cruel and unusual punishment under the Eighth Amendment because of the actions of defendant Baca and other officers while plaintiff's friend in prison died from a heart attack in front of him. He alleges that defendant Baca and other officers present would not allow him to administer CPR to help his friend, did not immediately call for medical attention, and then joked and laughed while his friend died in front of him. Count III fails to state a claim for relief.[1] Not all alleged wrongs that otherwise possibly might generate civil tort liability give rise to liability under the Constitution and Section 1983. *See,e.g., Baker v. McCollan*, 443 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979). Plaintiff's witnessing of prison officials' alleged deliberate indifference in allegedly failing to administer care to another does not give rise to liability under the Eighth Amendment. *Cf. Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172(5th

---

[1] Moreover, under 42 U.S.C. § 1997e(e), plaintiff may not recover damages for pain and suffering or mental and emotional anguish because he did not sustain physical injury. Section 1997e(e) otherwise would not bar a claim for punitive damages, however. *E.g., Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

Cir. 1985)(widow and stepsons could not recover under Section 1983 for emotional damages suffered as bystanders when they witnessed the gunfire directed by police at their husband and stepfather). The Court therefore will dismiss Count III, without leave to amend.

Plaintiff additionally includes a claim on page 6B of the complaint that pertains to an alleged retaliatory placement in administrative segregation. It is not clear whether plaintiff intends to present this claim as part of Count III or instead as a separate count. Plaintiff may include only one constitutional claim per count. In any amended complaint filed, plaintiff should clearly set this claim forth as a separately marked count.

In any amended complaint filed, plaintiff further should note the following. Plaintiff includes numerous statements in the complaint followed by a question mark. Plaintiff must make affirmative allegations of fact, not pose questions, in order to state a claim for relief.

In filing an amended complaint, plaintiff may use copies of pages from the original complaint as to which no change is made in the amended complaint.

IT THEREFORE IS ORDERED that the following claims in the amended complaint (#10) are DISMISSED without prejudice for failure to state a claim upon which relief may be granted: (a) all claims against the defendants in their official capacity; (b) all claims against defendant Sanders; and (b) Count III. Dismissal of the claims against defendant Sanders is subject to leave to amend within thirty (30) days of entry of this order.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02394-RLH-PAL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall provide plaintiff with a copy of the amended complaint (#10) together with two copies of a § 1983 complaint form and one copy of the instructions for same.

1   If an amended complaint is filed in response to this order, the Court will screen the
2   amended pleading before ordering any further action in this case.
3   If plaintiff does not timely mail an amended complaint to the Clerk for filing, the matter
4   will proceed forward only as to the claims that have not been dismissed.
5   DATED:  November 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge