# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP, JR.,

    *Plaintiff*,

vs.

WARDEN NEVEN, *et al.*

    *Defendants*.

2:09-cv-02394-RLH-PAL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on plaintiff's motion (#13) for federal protection and relocation.

Plaintiff in essence seeks a temporary restraining order directing his transfer from High Desert State Prison ("High Desert") to Lovelock Correctional Center ("Lovelock"), to there be placed on "strict walk alone status" inside of a protective custody unit on long term administrative segregation.

At the very outset, plaintiff has failed to provide the verification and certification required under Rule 65(b)(1) of the Federal Rules of Civil Procedure for issuance of a temporary restraining order without both notice to the adverse party and an opportunity to be heard. Moreover, the amended complaint seeks monetary damages, not injunctive relief.

Plaintiff in any event has failed to present circumstances in the conclusory allegations of the unsworn motion that would warrant the relief requested. Plaintiff asserts in the motion that he has been denied medical assistance, denied protection from gang assaults, and

1 poisoned in "hateful retaliation" for his litigation activities.  However, the allegations of the
2 amended complaint accompanying the motion, even if accepted as true, do not reflect that
3 plaintiff presently is in imminent danger of attack from other inmates.  Plaintiff alleges that he
4 was threatened and attacked by other inmates in March and April of 2010.  He alleges that
5 "[o]nly after advising that I was gonna file suit, was I removed from the unit after the major
6 threat was removed."  See #13, at electronic docketing page 25.  Plaintiff's allegations that
7 he became nauseous and vomited after two prison meals do not establish beyond
8 peradventure that he is being poisoned.  And allegations of inadequate medical care generally
9 do not provide a basis for a federal court order directing the transfer of an inmate.

Plaintiff thus does not present a showing upon which the relief requested would be granted.  Facility assignment, transfers, and prisoner classification generally are beyond the purview of the federal courts.  *Cf. Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987)("[A] prisoner has no constitutional right to a particular classification status.").

The Court notes that plaintiff states in both the motion and amended complaint that he has contacted the Federal Bureau of Investigation with his allegations that his life is in danger, such that the allegations therefore appear to have been presented to an outside law enforcement agency.

IT THEREFORE IS ORDERED that plaintiff's motion (#13) for federal protection and relocation is DENIED on the papers presented and showing made.

IT FURTHER IS ORDERED that the Clerk of Court shall file the amended complaint submitted with #13 separately.  The Court will fully screen the amended complaint in the order received vis-à-vis other pending cases.

DATED:  December 10, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

-2-