# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP, JR.,

    *Plaintiff*,

vs.

WARDEN NEVEN, *et al.*

    *Defendants*.

2:09-cv-02394-RLH-GWF

ORDER

    This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on plaintiff's motion (#17) to amend the complaint to add additional defendants and his motion (#18) for protection.

    The motion (#17) to amend the complaint will be denied without prejudice. Plaintiff submits four pages with additional defendants and allegations under the heading "Names to be Added." As the Court stated in its prior order, under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. See #12, at 4. Plaintiff may not submit piecemeal additions to his prior pleadings. He instead must present – each and every time that he seeks to amend the complaint – one "stand-alone" pleading presenting all of the allegations, claims, parties and requests for relief in a single document.

    The Court denied plaintiff's prior motion (#13) for protection because: (1) plaintiff failed to provide the verification and certification required under Rule 65(b)(1) of the Federal Rules of Civil Procedure for issuance of a temporary restraining order without both notice to the adverse party and an opportunity to be heard; (2) the pleadings before the Court sought monetary damages, not injunctive relief; and (3) plaintiff's factual assertions, even if accepted

as true, in any event did not support the relief requested, particularly as facility assignment, transfers and prisoner classification generally are beyond the purview of the federal courts. See #14.

The present motion, *inter alia*, again is not verified and certified as required under Rule 65(b)(1) for issuance of temporary injunctive relief without notice and an opportunity to be heard. In this regard, providing a certificate of "service" showing "service" on the Clerk of this Court has absolutely no effect. Unsworn allegations not made in a verified complaint or via a declaration pursuant to 28 U.S.C. § 1746 similarly have no effect.

The Court accordingly will not enter any order for a temporary restraining order or other temporary injunctive relief. Out of an abundance of caution, however, the Court will direct informal electronic service upon the Attorney General for a response only to the request for protection.

IT THEREFORE IS ORDERED that plaintiff's motion (#17) to amend the complaint to add additional defendants is DENIED without prejudice.

IT FURTHER IS ORDERED that plaintiff shall have thirty (30) days from entry of this order to seek leave to file another amended complaint, which must comply with #12, at 4.

IT FURTHER IS ORDERED that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for defendants and shall make informal electronic service via a notice of electronic filing of this order with electronic attachments with copies of ## 12-18.

IT FURTHER IS ORDERED that, within **twenty (20)** days of entry of this order, the Attorney General: (a) shall advise the Court whether she can accept service of process for the named defendants before the Court at this juncture (see #12); and (b) if service is accepted for a defendant or defendants, file a response to the motion (#18) for protection. No other response is required, as the matter otherwise remains in screening. The remaining filings are being copied to the Attorney General for background in connection with a response to the motion for protection. Formal service is not proceeding forward at this time with regard to any defendants for whom the Attorney General does not accept service, as the Court is addressing only the motion for protection at this juncture.

1  IT FURTHER IS ORDERED that plaintiff shall have **fifteen (15)** days from service of
2 a response to the motion for protection to file a reply.

3  IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or,
4 if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
5 motion or other paper submitted for consideration by the court.  Plaintiff shall include with the
6 original paper submitted for filing a certificate stating the date that a true and correct copy of
7 the document was mailed to the defendants or counsel for the defendants.  If counsel has
8 entered a notice of appearance, plaintiff shall direct service to the individual attorney named
9 in the notice of appearance, at the address stated therein.  The Court may disregard any
10 paper received by a district judge or magistrate judge which has not been filed with the Clerk,
11 and any paper received which fails to include a certificate of service.  A certificate of "service"
12 only on the Clerk of this Court will violate, rather than comply with, this order.

13  The Clerk shall provide plaintiff with a copy of # 15 and the single document filed as
14 ## 17-18 along with two copies of a Section 1983 complaint form.

15  DATED:   January 25, 2011.

_____
ROGER L. HUNT
Chief United States District Judge