# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP, JR.,

    *Plaintiff*,

vs.

WARDEN NEVEN*, et al.*

    *Defendants*.

2:09-cv-02394-RLH-PAL

SCREENING ORDER

    This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on plaintiff's motion (#18) for protection, his motion (#20) for leave to file an amended complaint, and for initial review of the amended complaint under 28 U.S.C. § 1915A.

    The motion for protection will be denied without prejudice following upon the defendants' response stating that plaintiff has been moved to a different housing unit.

    The motion for leave to amend will be granted.

    Turning to screening of the amended complaint (currently at #20-1), the governing standard of review is stated in the prior screening order. #12, at 1-2.

    In the current pleading, plaintiff George Dunlap brings a number of claims for monetary damages against multiple officers or employees at High Desert State Prison in their individual capacities.

    The present pleading carries forward Count I from the prior pleadings with two changes.

     First, plaintiff no longer asserts a claim in Count I against former defendant Sanders, following upon the earlier holding that no claim was stated against this former defendant.

     Second, plaintiff adds allegations that defendant correctional officer Hoffman poisoned his food. See #20-1, at 18 (handwritten page number 4J). Count I otherwise alleges a claim that the defendants therein were deliberately indifferent to serious medical and dental needs in violation of the Eighth Amendment and/or delayed care in retaliation for his filing of prison grievances. Plaintiff repeats the new poisoning allegations nearly verbatim in Count III of the current pleading, which alleges a claim regarding alleged poisoning of his food. In the prior screening order, the Court informed plaintiff, per the instructions for the complaint form, that he may include only one constitutional claim per count. See #12, at 4, lines 6-8. Plaintiff's inclusion of a claim in Count I based upon defendant Hoffman's alleged poisoning of his food with claims concerning delay or denial of health care violates the complaint form instructions and the prior order. The allegations further are redundant of the allegations in Count III. The allegations on handwritten page number 4J of the amended pleading therefore will be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as, *inter alia*, redundant.

     While Count I includes allegations as to correctional officer Paulay, this individual is not listed as a defendant in the list of defendants at the beginning of the pleading. If an individual is not included in the list of defendants, they are not included in the defendants before the Court. The same holds true for any other individual referred to in the body of the pleading that is not included in the list of defendants.

     Count I otherwise states a claim for relief for deliberate indifference to serious medical and dental needs in violation of the Eighth Amendment and/or delayed care in retaliation for plaintiff's filing of prison grievances.

     Count II is carried forward from prior pleadings. In Count II, plaintiff alleges that multiple defendants disregarded a serious risk to inmate safety that resulted in him being attacked by another inmate, in violation of the Eighth Amendment and further in retaliation for his filing of prison grievances. As the Court found in the prior screening order (#12), the specific factual allegations of Count II adequately state a claim for relief.

1    Count III of the present pleading presents new claims not asserted as such in the prior
2 pleadings. Plaintiff alleges that a number of correctional officers have acted in concert to
3 wantonly inflict punishment and pain upon plaintiff in violation of the Eighth Amendment, by
4 numerous actions including, *inter alia,* poisoning his food; telling other inmates that plaintiff
5 was a sexual offender and/or "snitch;" encouraging and allowing other inmates to harass,
6 threaten and assault plaintiff; and/or standing by while other officers engaged in the foregoing
7 actions. Count III adequately states a claim for relief.

8    Count IV of the present pleading presents new claims not asserted as such in the prior
9 pleadings. Count IV alleges a First Amendment violation based upon substantially the alleged
10 actions described in Count III being taken in retaliation for plaintiff filing complaints and
11 grievances. Count IV adequately states a claim for relief.

12    Count V of the present pleading presents claims carried forward from an earlier
13 amended complaint. The claims have not been screened as yet, however, because plaintiff
14 first sought to file another amending pleading. While there potentially may be some factual
15 overlap with Count III, it appears, in the main, on screening review that plaintiff is seeking to
16 assert an Eighth Amendment claim based upon different acts of alleged tampering with and/or
17 poisoning his food. Count V adequately states a claim for relief on handwritten page numbers
18 8 through 8D, line 13.

19    The material from handwritten page number 8D, line 14, through 8G in Count V (#20-1,
20 at 47-52) will be stricken pursuant to Rule 12(f). The majority of the material on these pages
21 constitutes nothing more than a "posturing" speech by plaintiff about the merit of his claims
22 and his alleged efforts to resolve the matter reasonably without litigation. The discussion is,
23 at its exceeding best, immaterial to stating the claim for relief presented in Count V on
24 handwritten page numbers 8 through 8D, line 13. Further, petitioner includes isolated
25 allegations therein that would constitute different and distinct constitutional claims from those
26 asserted in Count V at handwritten page numbers 8 through 8D, line 13. The Court clearly
27 informed plaintiff in the prior screening order that he could include only one constitutional
28 claim per count. #12, at 5, lines 6-8. Plaintiff was so informed and was allowed an opportunity

1  to amend.  The Court therefore will strike the allegations made in violation of the instructions
2  for the complaint form and the prior order.  The allegations on handwritten page number 8D,
3  line 14, through 8G in Count V of the amended pleading therefore will be stricken pursuant
4  to Rule 12(f) as, *inter alia*, immaterial.

5  The settlement proposal included at the end of the pleading (#20-1, at 57-61) also will
6  be stricken pursuant to Rule 12(f).  If plaintiff wishes to make a settlement offer to defendants,
7  he should contact defendants' counsel.  Settlement offers are not filed into the record, and
8  an amended complaint otherwise does not serve as a "catch all" filing for, *e.g.,* plaintiff's
9  speeches about his case and/or settlement offers.

10  Finally, while S C/O Preyter is listed as a defendant, the Court was unable to find any
11  allegations in the body of the complaint stating a claim against this defendant.  All claims
12  against defendant Preyter therefore will be dismissed without prejudice.  The Court notes that
13  plaintiff now has submitted four pleadings in this case, has been advised of the standard for
14  stating a claim, and has filed three prior civil rights actions in this District.  The Court sees no
15  utility in delaying these proceedings further for another amendment opportunity now that
16  plaintiff – for a second time herein – has listed a defendant without including allegations in the
17  pleading stating a claim against the defendant.  See #12, at 3, lines 6-10 (prior defendant).

18  IT THEREFORE IS ORDERED that plaintiff's motion (#18) for protection is DENIED
19  without prejudice.

20  IT FURTHER IS ORDERED that plaintiff's motion (#20) for leave to file an amended
21  complaint is GRANTED subject to the remaining provisions of this order.

22  IT FURTHER IS ORDERED that the Clerk of Court shall file the amended complaint
23  (#20-1) tendered with the motion, that the claims against defendant S C/O Preyter shall be
24  DISMISSED for failure to state a claim upon which relief may be granted, and that the
25  following portions of the amended complaint shall be STRICKEN: (a) handwritten page
26  number 4J of the amended pleading (currently #20-1, at 18); (b) handwritten page number
27  8D, from line 14 through the end of the page, through page 8G (#20-1, at 47-52); and (c) the
28  settlement proposal included on the last five pages of the submission (#20-1, at 57-61).

1   IT FURTHER IS ORDERED that the Attorney General shall advise the Court within twenty-one (21) days from entry of this order whether her office can accept service of process for the remaining named defendants.  As to any of the named defendants for which the Attorney General does not accept service, the Attorney General shall file, under seal, the last known address(es) of those defendant(s).  As to the defendants for whom the Attorney General accepts or has accepted service, such defendants shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service filed in response to this order.

IT FURTHER IS ORDERED that, if service is not accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is informed that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date of entry of this order.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon counsel, a copy of every pleading, motion or other paper submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

The Clerk shall send plaintiff a copy of the amended complaint with this order.

DATED:  February 22, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

-5-