# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | |
| Plaintiff, | Case No. 2:09-cv-02394-RLH-GWF |
| vs. | **ORDER** |
| DWIGHT NEVEN, *et al.*, | Motion for Appointment of Counsel (#30); Motion for Discovery (#31); Motion to Stay (#39) |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (#30), filed March 25, 2011; Plaintiff's Motion for Discovery (#31), filed March 25, 2011; Defendants' Response to Plaintiff's Motion for Appointment of Counsel (#34), filed April 7, 2011; Defendants' Response to Plaintiff's Motion for Discovery (#33), filed April 7, 2011; Plaintiff's Opposition to Defendants' Response to Plaintiff's Motion for Appointment of Counsel (#38), filed April 19, 2011; and Plaintiff's Request for Stay: Motion for Discovery (#39), filed April 19, 2011.

**1.    Motion to Appoint Counsel (#30)**

There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331.

1    In considering these factors, a review of the quality of Plaintiff's pleadings suggests that he is
2 able to represent himself and articulate the complexity of the legal issues involved. In addition,
3 Plaintiff has failed to demonstrate any efforts to attempt to secure counsel and the meritoriousness of
4 Plaintiff's claims is not sufficiently established based on the filings in this action to date. The Court
5 will deny Plaintiff's request for appointment of counsel (#30).

**2.    Motion for Discovery (#31) and Request to Stay Motion for Discovery (#39)**

7    Plaintiff filed his motion for discovery (#31) on March 25, 2011, requesting that the Court
8 compel Defendants to provide him various documents, as well as the identity of several witnesses and
9 the names and addresses of Defendants for which the Attorney General will not accept service. (#31).
10 On April 7, 2011, Defendants opposed Plaintiff's motion as being untimely because no scheduling
11 order has been filed in this action and a response to Plaintiff's complaint is not due until May 16, 2011.
12 (*See* #33, 37). The Court finds that Plaintiff's motion for discovery is premature. Discovery is not
13 appropriate at this time as Defendants have no yet responded to Plaintiff's complaint and the Court will
14 deny the motion for discovery (#31).

15    On April 19, 2011, Plaintiff filed a related motion, requesting that the Court delay its ruling on
16 Plaintiff's motion for discovery (#31) until after Defendants respond to Plaintiff's complaint. (#39).
17 Plaintiff states that he has limited copy privileges at the prison and he would like to conserve his copies
18 by having the Court reserve its ruling. (#39). While the Court appreciates Plaintiff's desires to limit
19 the use of his copy account, it will deny the request to delay ruling on the motion for discovery. The
20 motion for discovery (#31) requests a significant amount of information from Defendants. Defendants
21 have not had a chance to respond to the complaint or to subsequently produce their initial disclosures,
22 which may significantly reduce the quantity of information Plaintiff is seeking. Once Defendants
23 respond to Plaintiff's complaint and once initial disclosures are produced, Plaintiff may only need some
24 of the information he presently requests in the motion for discovery (#31) or different information
25 entirely. In addition, the Court notes that Plaintiff has already filed a separate motion to compel (#40)
26 in which he seeks similar information. Therefore, the Court will deny Plaintiff's request to delay ruling
27 on the motion for discovery (#39). Accordingly,
28 . . .

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (#30), Motion for Discovery (#31), and Request to Stay Ruling on the Motion for Discovery (#39) are **denied**.

DATED this 2nd day of May, 2011.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**