## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | |
| Plaintiff, | Case No. 2:09-cv-02394-RLH-GWF |
| vs. | **ORDER** |
| DWIGHT NEVEN, *et al.*, | Motion for Summons (#32) |
| | Motion to Compel Identification (#40) |
| Defendants. | Motion to Compel and for Issuance of Summons (#46) |

This matter is before the Court on Plaintiff's Request for Issue of Summons (#32), filed March 25, 2011; Plaintiff's Motion to Compel Identification of Non-Accepted Defendants (2nd Request) (#40), filed April 29, 2011; Defendants' Response to Plaintiff's Motion to Compel (#44), filed May 16, 2011; and Plaintiff's Multiple Request Motion (#46), filed June 7, 2011.

### DISCUSSION

**1.     Motions to Compel (#32; #40; #46)**

On February 4, 2011, Plaintiff filed his Motion for Leave to File Amended Complaint. (#20). The Court granted Plaintiff's motion and screened the amended complaint as required by 28 U.S.C. § 1915A before ordering the Clerk of the Court to file the amended complaint. (#23). In doing so, the Court ordered that the Attorney General's office must advise the Court whether it would accept service on behalf of the remaining Defendants. (*Id.*) As to any defendants for which the Attorney General's office did not accept service, the Court instructed the Attorney General to file the names and last known addresses of such defendants under seal. (*Id.*) The Court instructed that for the defendants not represented by the Attorney General's office, Plaintiff should request summons by providing the full name and addresses of the unserved defendants. (*Id.*)

1    The Attorney General's office has accepted service for Defendants Robert Ashcroft, Isidro Baca, Gervis Gayle, Joseph Hanson, James Henson, Shawn Hoffman, Kelly Mellinger, Cole Morrow, David Mumford, Dwight Neven, Ronald Oliver, Robert Owens, Homer Palalay, Bruce Stroud and William Wiggins. (#36). The Attorney General indicated, however, that it would not accept service for Defendant Lavonne Atkins-St. Rose because she is no longer an employee with the Nevada Department of Corrections ("NDOC"). (#27; #36). In addition, the Attorney General also refused to accept service for the defendants identified as "C/O Height," "C/O Lopez," and "C/O Gonzales" because the defendants could not be identified as NDOC employees. (*Id.*)

Plaintiff now moves for this Court to compel the Attorney General to disclose the last known addresses of Defendants Atkins, Atkins-St. Rose, Height, Gonzales, and Lopez.[1] (#32, 40). The Attorney General's office is the wrong entity for Plaintiff to seek this information from, however, as the Attorney General is not representing these defendants. Plaintiff should subpoena the NDOC to provide him with the most recent address on file for these defendants in order to effect service of process.

While the NDOC is the proper entity for Plaintiff to subpoena to obtain this information, the Court is aware of the concerns that NDOC has regarding prisoners obtaining the addresses of current and former prison officers. As a result, Plaintiff's subpoena should indicate that the NDOC should submit the most recent addresses on file for Defendants Atkins, Atkins-St. Rose, Height, Gonzales, and Lopez to the chambers of the undersigned magistrate judge for *in camera* submission. The Court will then deliver this information to the Marshal's Office for service of process.

**2.    Motion for Issuance of Summons (#32; #46)**

Plaintiff also requests that the Court issue summons for all of the defendants not represented by the Attorney General's office. (#32; #46). Plaintiff has failed to identify the full name and address for Defendants Atkins, Atkins-St. Rose, Height, Gonzales, and Lopez, however, and the Court will deny his request. Once Plaintiff has obtained the full name and address of the unserved defendants by

---

[1] Plaintiff requests the information for an individual identifed as C/O Atkins as well as an individual identified as Lavonne Atkins-St. Rose. It is not entirely clear whether these are two separate individuals or the same individual inadvertently named twice. It is clear that the Attorney General has not accepted service for either. To the extent these are different individuals, the NDOC should submit relevant information for both as part of any *in camera* submission made in response to a subpoena requesting the address of current or former prison officers.

subpoenaing the NDOC, he may re-file his request for the issuance of summons.

### 3. Motion to Compel Defendants to Respond to Amended Complaint (#46)

The Court previously set a deadline of June 17, 2011 for Defendants who have been served or accepted service to respond to Plaintiff's amended complaint. (#45). As a result, Plaintiff's motion to compel a response is premature and will be denied.

### 4. Request for Increase in Prison Copy Limit (#46)

A Petitioner does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (stating "numerous courts have rejected any constitutional right to free and unlimited photocopying"). Pursuant to Administrative Regulations 722, "inmates can only accrue a maximum of $100.00 debt for copy work expenses." In the present motion, Plaintiff states that he is close to exceeding his prison copy limit and requests that the Court order the NDOC to increase his copy work limit. (*Id.*)

A court may order a prison to provide additional photocopying when the petitioner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. Plaintiff has failed to demonstrate in the present motion that an increase is necessary. He did not attach an account statement for his prison copy account or general prison account and has provided no other evidence that he has insufficient funds to replenish his copy work limit. In addition, Nevada prisons provide inmates with carbon paper to enable inmates to reproduce writings without the use of photocopies. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Identification of Non-Accepted Defendants (2nd Request) (#40) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Issue of Summons (#32) and Plaintiff's Multiple Request Motion (#46) are **denied without prejudice**.

DATED this 17th day of June, 2011.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**