# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP JR., )
                          )
            Plaintiff,    )   Case No. 2:09-cv-02394-RLH-GWF
                          )
vs.                       )   **ORDER**
                          )
DWIGHT NEVEN, *et al.*,   )
                          )
            Defendants.   )
_____)

This matter comes before the Court on Plaintiff's Request [for] Intervention of the Court to Compel Discovery (#67), filed on September 28, 2011 and Defendants' Response to Plaintiff's Motion to Compel (#68), filed on October 17, 2011.  Plaintiff requests that the Court compel discovery or hold Defendants in contempt of Court based on their rejections and complete failure to provide Plaintiff with relevant, needed discovery.  As best the Court can tell, Plaintiff is seeking contact information for four named-Defendants who have yet to be served and additional factual information set out in Plaintiff's requests for interrogatories, which Defendants objected to.

On June 21, 2011, the Court entered a Scheduling Order setting the discovery cut-off date at September 19, 2011.  The Order further provided that any discovery motions shall be filed and served no later than September 8, 2011.  Defendant filed this instant discovery motion on September 28, 2011, and therefore the Court finds Plaintiff's motion untimely.

Notwithstanding the untimeliness of Plaintiff's motion, the Court has reviewed Plaintiff's First Set of Requests for Interrogatories.  The Court finds that Plaintiff's requests for interrogatories are overboard, and Defendants' objections are therefore valid.  Plaintiff provides no evidence to the Court that he met and conferred with Defendants in a timely manner to narrow his interrogatories.  Plaintiff further failed to timely file a motion to compel Defendants' response to

Plaintiff's Interrogatories. Plaintiff has filed several motions to compel with the Court, but, as best the Court can tell, none of those motions sought to compel the Defendants' responses to Plaintiff's interrogatories in accordance with Rule 37.

Further, in regard to Plaintiff's attempts to obtain the identifying information of named-Defendants Atkins, Height, Gonzales and Lopez for the purpose of service, the Court has previously instructed Plaintiff to subpoena the NDOC to provide the last known address of the above Defendants to the Court. It appears however that Plaintiff failed to do so, but instead has consistently requested that the Court issue the subpoena on his behalf. As the Court previously noted, Plaintiff's in forma pauperis status does not extend to the issuance of subpoenas at the government's expense. The Court also notes that the time for perfecting service on Defendants has expired. Pursuant to Fed. R. Civ. P. 4(m), service must be accomplished within 120 after the complaint is filed. In this case, the Amended Complaint (#24) was filed on February 22, 2011, and therefore service on all Defendants should have been accomplished by June 22, 2011. Further, discovery is now closed and on October 19, 2011, Defendants filed a Motion for Summary Judgment (#69). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request [for] Intervention of the Court to Compel Discovery (#67) is **denied**.

DATED this 4th day of November, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge