UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., ) | Case No.: 2:09-cv-02394-RLH-GWF |
| Plaintiff, ) | **O R D E R** |
| vs. ) | (Motion for Summary Judgment–#69) |
| DWIGHT NEVEN, *et al*., ) | |
| Defendants. ) | |

Before the Court is Defendants Robert Ashcroft, Gervis Gayle, Joseph Hanson, James Henson, Shawn Hoffman, Kelly Mellinger, Cole Morrow, David Mumford, Dwight Neven, Ronald Oliver, Robert Owens, Bruce Stroud, and William Wiggins' **Motion for Summary Judgment** (#69, filed Oct. 19, 2011). The Court has also considered Plaintiff George Dunlap's Opposition (#74, filed Nov. 3), Defendants' Reply (#77, filed Nov. 21), and Dunlap's Sur-Reply (#79, filed Dec. 2).

### BACKGROUND

This is a civil rights action filed under §1983 by George Dunlap, an inmate at High Desert State Prison ("HDSP") in Indian Springs, Nevada. Dunlap alleges that Defendants deprived him of medical and dental care, and failed to protect him from an assault by another

1

1  inmate. He also alleges that Defendants engaged in this conduct in retaliation for his having filed
2  grievances. Defendants are now requesting summary judgment on all of Dunlap's claims. For the
3  reasons discussed below, the Court grants Defendants' motion.

## DISCUSSION

**I.   Defendants' Motion for Summary Judgment (#69)**

    **A.   Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Analysis**

In his Amended Complaint (#24), Dunlap asserts the following five causes of action: (1) Eighth Amendment deliberate indifference and retaliation against Defendants Hoffman, Hanson, Mumford, and Henson, for the denial and/or delay of adequate medical and dental care; (2) Eighth Amendment deliberate indifference against Defendants Gayle, Mellinger, Morrow, Neven, Ashcroft, Owens, and Stroud, for the failure to protect Dunlap from an assault by another inmate; (3) Eighth Amendment deliberate indifference against Defendants Hoffman and Wiggins for poisoning Dunlap and against Defendant Oliver for telling other inmates that Dunlap was a "snitch"; (4) First Amendment retaliation against all Defendants for placing Dunlap in administrative segregation; and (5) Eighth Amendment against Defendant Neven for poisoned food, and for taking no action while officers harassed Dunlap.

The Court finds that summary judgment is proper as to all of Dunlap's claims because Dunlap provides no evidence to support his claims. The evidence Dunlap provides consists of various inmate request forms, medical kites, grievance forms, and other handwritten documents. (*See, e.g.*, #74, Opposition, Exs. 1A to 2A). All of these documents were prepared by Dunlap himself, many of which were prepared after this litigation began, and consist almost

exclusively of his own self-serving statements. Dunlap also provides various prescription labels, and copies of prescription labels, (*see, e.g., id.*, at Ex. 2C, 2D), which, if anything, demonstrate that Defendants were providing medical care to Dunlap. The only other type of evidence Dunlap provides are two affidavits, one by Dunlap himself (*id.*, at Ex. 3E), and another by inmate Joey Larry Hanson who merely states that he "witnessed Mr. Dunlap getting visited by a Doctor at High Deseret State Prison," (*id*. at Ex. 3F).

        This evidence does not adequately create an issue as to any material fact alleged by Dunlap, especially considering Dunlap's repeated assertions that he has multiple eyewitnesses to the alleged events, (*see, e.g., id.*, at pgs. 2, 2a, 4, 5), some of whom are purportedly willing to testify at trial (*see, e.g., id.*, at 3e). Dunlap provides no evidence—again, other than his own statements—that Defendant Oliver told other inmates that Dunlap was a "snitch," that Defendants failed to prevent an assault on Dunlap by another inmate, and that Defendants Hoffman and Wiggins poisoned him. This failure to present evidence is glaring after Dunlap claimed that he has "outside sources" whom have "knowledge and access to poison control," (#76, Direct Medical Advisements, 1:25–28), and that because of these sources he "knows for a fact," (*id.*), that Hoffman used hydrogen peroxide to poison him.

        In addition, although Dunlap claims that he suffered serious physical pain as a result of Defendants' alleged delay or denial of medical care, Defendants' evidence demonstrates that when Dunlap was seen by physicians he had no serious medical problems. For example, Dunlap was seen by Defendant David Mumford regarding a fever and sore throat. During that visit, Mumford noted that Dunlap had resolved tonsillitis, meaning that at one point he had tonsillitis but no longer showed signs of an infection. (#72, Submission of Exhibits B-1 and C-1 to Defendants' Motion for Summary Judgment, Ex. C-1) (filed under seal). Also, Dunlap's temperature was registered as normal. (*Id.*). Also, Defendants' evidence demonstrates that when Dunlap was seen by physicians he was treated. For example, Dunlap was seen by Gary Graham, a Physician's Assistant, regarding a complaint that his mouth was bleeding. Although Graham was

unable to locate the source of any bleeding in Dunlap's mouth, Dunlap was still prescribed penicillin and Tylenol. (*Id.*). Also, when Dunlap was seen for a loose tooth he complained of, he was given a treatment option (extraction of the tooth), which Dunlap refused. (*Id.* at Ex. B-1). The mere fact that Dunlap disagree's with this treatment is not grounds for an Eighth Amendment violation. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). In fact, on at least one occasion arrangements were made for Dunlap to be seen by a dentist but he refused to be seen. (#72, Submission of Exhibits B-1 and C-1 to Defendants' Motion for Summary Judgment, Ex. B-1).

Dunlap also claims that he was attacked by another inmate as a result of Defendants deliberate indifference. However, Dunlap was examined two days after this alleged assault and the medical officer concluded during that visit that there was no sign of trauma and that any bleeding in his mouth was attributable to Dunlap's periodontitis, for which he was referred to dental (*Id.* at Ex. C-1). Finally, Dunlap's evidence does not include any information regarding various named Defendants, including Defendants Ashcroft, Hanson, Hoffman, Stroud, Owens, and Wiggins—not even their names. Thus, there is no evidence whatsoever that these Defendants were ever involved in the alleged events.

In conclusion, Dunlap has not provided sufficient evidence to create a material factual issue for trial. Reasonable minds could not differ on the material facts at issue based on Defendants' evidence and the lack of evidence provided by Dunlap. Therefore, drawing all inferences in Dunlap's favor, the Court grants Defendants' motion for summary judgment.

///
///
///
///
///
///

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#69) is GRANTED.

The Court instructs the Clerk of Court to close the case.

Dated: March 2, 2012

_____
**ROGER L. HUNT**
**United States District Judge**